**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| MILBANK INSURANCE COMPANY,<br>as subrogee of Heather Lee<br>518 East Broad Street<br>Columbus, OH 43215 | : | Civil Action No.: |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| DGL GROUP LTD.<br>2045 Lincoln Highway<br>State Route 27<br>Edison, NJ 08817 | : | |
| Defendant. | | |

## COMPLAINT

Plaintiff, Milbank Insurance Company, as subrogee of Heather Lee, by and through its attorneys, complaining of Defendant, hereby aver, as follows:

## THE PARTIES

1. Plaintiff, Milbank Insurance Company [hereinafter "Milbank"], is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business located at 518 East Broad Street, Columbus, OH 43215.

2. At all times material hereto, Milbank was duly authorized to issue policies of insurance within the State of Ohio.

3. Defendant, DGL Group Ltd. [hereinafter "DGL Group"], is, upon information and belief, a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located at 2045 Lincoln Highway, State Route 27, Edison, NJ 08817.

## JURISDICTION AND VENUE

4. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §1332, as the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a), as a substantial part of the events or omissions giving rise to this claim occurred in this jurisdiction.

## FACTUAL AVERMENTS

6. At all times material hereto, Heather Lee [hereinafter "Lee"], owned real and personal property located at 315 Winter Shadow Loop, Delaware, OH 43015 [hereinafter "the Property"].

7. At all times material hereto, Milbank provided homeowners' insurance coverage for the Property and its contents.

8. Plaintiff's insured's son was using a Hover-1 All-Star Hoverboard & Go-Kart Attachment Combo [hereinafter "the Hoverboard"] on December 15, 2021.

9. After using the Hoverboard, Plaintiff's insured's son placed it onto its recharging unit.

10. On December 15, 2021, a fire occurred at the Property, resulting in substantial damage from fire, smoke and water. The damages were in excess of $200,000.

11. The fire originated in the Hoverboard which was manufactured, marketed, branded, distributed and/or sold by DGL Group.

12. The fire caused severe and extensive damage and destruction to the home and personal property therein, along with additional expenses.

13. Given the severe and extensive damage, Lee submitted a claim to Milbank, pursuant to the terms and conditions of its policy of insurance, and Milbank has paid in excess of

$200,000.00, representing the fair and reasonable value and cost of the resulting damage, as covered under applicable policy.

14. To the extent of its payments, Milbank is duly subrogated to the rights of Lee to pursue recovery against the Defendant, DGL Group, named herein.

**COUNT I - NEGLIGENCE**

15. Plaintiff incorporates the preceding paragraphs, as though fully set forth herein at length.

16. The fire and resulting damages sustained by Lee were directly and proximately caused by the negligence, carelessness, negligent omissions and/or gross negligence of Defendant DGL Group, acting by and through its employees, agents and servants, acting within the scope and course of their employment, as follows:

a) failing to properly and safely design and/or manufacture the product;

b) failing to provide adequate warnings and instructions for its product;

c) failing to take the proper and necessary precautions to prevent a fire from originating in its product;

d) failing to provide a safe product;

e) failing to properly test and/or inspect its product; and/or

f) otherwise causing or allowing the fire to occur.

WHEREFORE, Plaintiff Milbank demands judgment against Defendant DGL Group, in an amount in excess of $200,000.00, together with interest, the costs of this action, and such other and further relief as the Court may award.

**COUNT II – PRODUCTS LIABILITY**

17. Plaintiff incorporates the previous paragraphs, as though fully set forth herein at length.

18. At all times relevant, DGL Group placed into the stream of commerce the subject Hoverboard and as such, is strictly liable pursuant to Ohio Revised Code Section 2307.01 *et. seq*. for any design defects or unreasonably dangerous conditions that existed with respect to the Hoverboard.

19. The Plaintiff's insured is in the class of persons that DGL Group should have reasonably foreseen as being subject to the harm caused by the defectively designed condition in the Hoverboard.

20. At all times relevant, DGL Group was the seller of the Hoverboard.

21. The Hoverboard was expected to, and did, reach the Lee family without substantial alteration in the condition in which it was sold by DGL Group.

22. Plaintiff's insureds never used the Hoverboard for anything other than its expected manner of use.

23. The Hoverboard was defectively designed and in an unreasonably dangerous condition at the time it left DGL Group's possession and control insofar as it was:

a) Improperly designed for safe use in a residential setting;

b) Incorporated batteries that were susceptible to overheating and failing in an unsafe manner;

c) Defectively designed, in that the Hoverboard was susceptible to damage during its normal and intended use which created an unreasonable risk of danger as a fire hazard;

d) Improperly designed in that the charging system was capable of overcharging the batteries and causing an unreasonable risk of fire;

e) Provided without adequate or appropriate instructions for its safe and intended use;

f) Provided without adequate warnings of the latent dangerous characteristics of its product;

g) Never tested to determine its ability to withstand anticipated and foreseeable conditions;

h) Designed defectively in that the Hoverboard did not employ safety devices to prevent a fire; and

i) Was otherwise unreasonably dangerous and defective, when used under foreseeable conditions.

24. The defective design and unreasonably dangerous condition and subsequent catastrophic failure of the Hoverboard was the direct and proximate cause of the real and personal property damages for which Defendant DGL Group is legally liable.

WHEREFORE, Plaintiff Milbank demands judgment against Defendant DGL Group, in an amount in excess of $200,000.00, together with interest, the costs of this action, and such other and further relief as the Court may award.

DATE: 11-3-23

BY: /s/ Andrew Avellano

Andrew P. Avellano, Esquire
(Attorney ID No. 0062907)
Andrew P. Avellano, LLC
Attorney at Law
4200 Regent Street, Suite 200
Columbus, OH 43219
Tel: (614) 237-8050
Email: Andy@drewavo.com

ATTORNEY FOR PLAINTIFF

Co-Counsel:
Mark E. Utke, Esquire
(Attorney ID No. 0088559)
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel: (215) 665-2164
Email: MUtke@cozen.com

**JURY DEMAND**

Plaintiff demands a jury trial in this matter.

/s/ Andrew Avellano
Andrew P. Avellano, Esquire
(Attorney ID No. 0062907)

COUNSEL FOR PLAINTIFF